1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRAHAM & BUFFET, LTD.,

        Plaintiff,

   v.

WWW.VILCABAMBA.COM,

        Defendant.

CASE NO. C05-1667C

ORDER

This matter comes before the Court on the Plaintiff's unopposed Motion for Order Directing Notice Procedure (Dkt. No. 2). Having reviewed the materials submitted and determined that oral argument is not necessary, the motion is DENIED for the reasons set forth below.

The Plaintiff is the owner of the registered trademark "vilcabamba" and has filed this *in rem* action pursuant to 15 U.S.C. § 1125(d)(2) seeking to obtain ownership of the domain name www.vilcabamba.com. (Pl.'s Mot. 1.) Plaintiff alleges that it was unable to find the owner of the domain name, Mr. James Lawson, and that it sent notice of the alleged violation and of Plaintiff's intent to proceed with legal action to Lawson's postal and e-mail addresses. (*Id.*) Plaintiff's motion, filed on October 6, 2005, requests that the Court order it to publish notice of this proceeding pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) in order to find Lawson. Lawson filed an answer to Plaintiff's

ORDER – 1

1   complaint on October 25, 2005, (Dkt. No. 6), but has failed to respond to this motion.

2        The Court finds that publication is unnecessary because Plaintiff has found Lawson under 15

3   U.S.C. § 1125(d)(2)(A)(ii)(II).  Lawson has received actual notice of this proceeding by Plaintiff's efforts

4   under subsection (II)(aa) in sending notice to the postal and e-mail addresses Lawson provided to the

5   domain name registrar.  Lawson's actual notice is evidenced by his filing of a detailed answer to

6   Plaintiff's complaint.  Because Lawson has received actual notice of the proceeding, notice by publication

7   is unnecessary.  *See Banco Inverlat, S.A. v. www.inverlat.com*, 112 F.Supp.2d 521, 523 (E.D. Va. 2000)

8   (notice by publication not necessary when defendant receives actual notice of proceeding).  Service by

9   publication is also unnecessary because in not stating any insufficiency of process defense either by

10  motion or in his answer, Mr. Lawson has waived any such defense.  FED. R. CIV. P. 12(h) (insufficiency

11  of process defense waived if not made in a Rule 12 motion or a responsive pleading); *United States v.*

12  *One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1207 (9th Cir. 1996) (insufficiency of process defense

13  waived by defendant in *in rem* proceeding where he had actual notice of proceeding and did not object to

14  the method of process).  Therefore, requiring the Plaintiff to perfect service of process by publication is

15  superfluous.  Accordingly, Plaintiff's motion to publish notice is DENIED as MOOT.

16       In addition, before litigation proceeds further in this case the Court must determine whether

17  Plaintiff has met the requirements for *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2)(A)(ii).  Therefore,

18  Plaintiff is ORDERED to SHOW CAUSE by December 30, 2005 why this case should not be dismissed

19  for lack of jurisdiction.

20       SO ORDERED this 7th day of December, 2005.

21

22

23                                              John C. Coughenour

24                                              United States District Judge

25

26  ORDER – 2