UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRAHAM & BUFFET, LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WWW.VILCABAMBA.COM,<br><br>　　　　Defendant. | CASE NO. C05-1667C<br><br>ORDER |

　　　This matter comes before the Court on the briefing submitted by the parties in response to this Court's December 7, 2005 Order directing Plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. (Order (Dkt. No. 7).) Plaintiff submitted a Response (Dkt. No. 11) ("Pl.'s OSC Resp."), a Motion To Transfer Venue (Dkt. No. 10) ("Pl.'s Venue Mot."), and a Motion for Leave To Amend Complaint To Order Transfer of Domain Name (Dkt. No. 9) ("Pl.'s Amend Mot."). James Lawson (owner of *in rem* Defendant www.vilcabamba.com) filed a Response to Plaintiff's show-cause Response (Dkt. No. 16), which contains additional argument on grounds for dismissal of this action. Plaintiff submitted a Reply (Dkt. No. 17) to Mr. Lawson's filing. Having reviewed these materials and determined that oral argument is not necessary, the Court finds and rules as follows.

//

ORDER – 1

## I. BACKGROUND

Plaintiff, a Texas limited partnership, is the owner of the registered trademark "vilcabamba" and has filed this *in rem* action pursuant to 15 U.S.C. § 1125(d)(2) seeking to obtain ownership of the domain name www.vilcabamba.com. The domain name www.vilcabamba.com is registered in Bellevue, Washington. The owner of the domain name James Lawson apparently resides in Texas. He has a P.O. Box address in Waco, Texas, and he has been reached there for purposes of this litigation.

Plaintiff initiated this suit on October 3, 2005. Mr. Lawson filed an Answer to the Complaint on October 25, 2005. On December 7, 2005, this Court denied Plaintiff's motion for an order directing notice procedure, finding that Mr. Lawson had received actual notice of this proceeding and that publication was therefore unnecessary. The Court further found that even if publication would have been appropriate, Mr. Lawson had waived any insufficiency-of-process objection he may have had by filing an Answer to Plaintiff's Complaint that did not raise that issue. After declining to order publication, the Court ordered the parties to brief the issue of whether Plaintiff had met the requirements for *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2)(A)(ii) in bringing this action in the first instance.

## II. ANALYSIS

There are two types of anticyberpiracy proceedings provided for in 15 U.S.C. § 1125(d). The first option, found in subsection (d)(1), is a cause of action by the owner of a trademark against the registrant of a domain name, where the challenged domain name was obtained in bad faith and will cause consumer confusion. Personal jurisdiction over the owner of the domain name is required to maintain such an action. The second option, found in subsection (d)(2), is an *in rem* proceeding against the domain name itself, if the domain name violates any right of the owner of a trademark. *In rem* jurisdiction attaches only after certain requirements are met. Specifically, in order to establish *in rem* jurisdiction over a domain name, a plaintiff must (I) be unable "to obtain in personam jurisdiction over" a party who could be a defendant under § 1125(d)(1) (*e.g.*, the current owner of the domain name), or (II)

ORDER – 2

"through due diligence [be unable] to find a person who" could be a defendant under § 1125(d)(1).[1]

### A. *In Rem* Jurisdiction

Before an *in rem* proceeding may progress, the Court must determine whether *in rem* jurisdiction is appropriate. *See Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 257 (4th Cir. 2002) (The ACPA "calls for a finding early in the case as to whether in rem jurisdiction exists."); *Shri Ram Chandra Mission v. Sahajmarg.org*, 139 F. Supp. 2d 721, 723 (E.D. Va. 2001) ("For an *in rem* action to proceed, the court must find that the owner of the mark is not able to obtain *in personam* jurisdiction over the would-be defendant."). If this Court "concludes that personal jurisdiction can be exercised, either in [this Court] or in another forum, then the *in rem* complaint shall be dismissed." *Heathmount A.E. Corp. v. Technodome.com*, 106 F. Supp. 2d 860, 863 n.4 (E.D. Va. 2000). Another federal district court has provided a useful hypothetical to understand the ACPA's operation in this respect:

> When a [trademark] owner becomes aware of an infringing use, the owner's first step, typically, is to ascertain the infringer's identity and location by reference to information available from the infringing website or the pertinent domain name registrant. With this information in hand, the owner must then proceed to determine whether the circumstances of Option I [lack of personal jurisdiction] or II [inability to locate a person who would be a defendant] exist. In this regard, if the owner determines that the putative infringer resides, does business, or is otherwise present in any judicial district in the United States, then the inquiry is ended and the owner, in these circumstances, must proceed *in*

---

[1] In enacting this legislation (contained in the Anticybersquatting Consumer Protection Act ("ACPA")),

> Congress was disturbed by the increasing number of individuals who registered domain names in violation of trademark rights and then eluded trademark enforcement because either they could not be found or the trademark owner was unable to acquire *in personam* jurisdiction over them. Accordingly, in enacting the ACPA, Congress included an *in rem* provision to allow remedies for violations of the statute by anonymous or "absent cybersquatters." Consequently, the ACPA specifically allows a trademark owner to file an action against the domain name itself when the trademark owner cannot locate the domain name owner or cannot obtain *in personam* jurisdiction over him.

*Standing Stone Media, Inc. v. Indiancountrytoday.com*, 193 F. Supp. 2d 528, 531 n.2 (N.D.N.Y. 2002) (internal citations omitted).

ORDER – 3

>*personam* against the infringer and is precluded by the ACPA from proceeding *in rem* against the offending domain name. . . . To accommodate [situations where the putative infringer is located in a foreign country and/or provided false information to the domain name registrar], Congress included Section 2 of the ACPA, so that in these circumstances, an owner could still seek a remedy—albeit it a more limited one—by proceeding *in rem* against the domain name itself.

*Alitalia-Linee Aeree Italiane S.p.A., v. Casinoalitalia.com*, 128 F. Supp. 2d 340, 346 (E.D. Va. 2001) (internal footnotes omitted).

Plaintiff has briefed the issue, requesting that the Court find that Plaintiff "has met the requirements for *in rem* jurisdiction." (Pl.'s OSC Resp. 4.) The Court notes that Mr. Lawson's filings do not address the *in rem* jurisdiction question. Such failure is immaterial, however, because this Court is required to decide the jurisdictional issue "whether or not a defendant formally opposes the court's assertion of in rem jurisdiction." *Porsche Cars*, 302 F.3d at 257.

As the holder of the trademark at issue here, Plaintiff "must convince the court that in personam jurisdiction over a person is unavailable before an ACPA in rem action may proceed." *Id.* at 255. Plaintiff has identified Mr. Lawson as the owner of the domain name and, as such, he could be a defendant under § 1125(d)(1). Thus, the question for this Court to decide is whether Plaintiff has shown an inability to obtain personal jurisdiction over Mr. Lawson, in satisfaction of § 1125(d)(2)(A)(ii)(I) *or* an inability to find Mr. Lawson, in satisfaction of § 1125(d)(2)(A)(ii)(II). If Plaintiff fails to make such a showing under either subsection of the statute, *in rem* jurisdiction is improper. For the following reasons, the Court finds that Plaintiff may not maintain an *in rem* action.

Mr. Lawson has appeared *in this Court* by way of his Answer to Plaintiff's Complaint and his response to court filings, such as his recent "Motion to Dismiss Case and Deny All Motions Filed by the Plaintiff" (Dkt. No. 16). Though Plaintiff asserts that this appearance amounts to this Court having personal jurisdiction over Mr. Lawson in this matter, the Court notes that Mr. Lawson's appearance in this *in rem* proceeding *may or may not* confer personal jurisdiction over Mr. Lawson. *Compare Caesars World, Inc. v. Caesars-Palace.com*, 112 F. Supp. 2d 505, 508–09 (E.D. Va. 2000) (finding that the mere

ORDER – 4

appearance by someone with an interest in the *res* in an *in rem* action cannot create *in personam* jurisdiction over that person), *with* FED. R. CIV. P. 12(h)(1) (waiver of venue, process, service, and personal jurisdiction objections if not timely raised), *and Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–05 (1982) (discussing the many ways to waive personal jurisdiction objections and consent thereto). Nevertheless, the effect of Mr. Lawson's appearance in this Court need not be determined to resolve the question of whether *in rem* jurisdiction is appropriate over www.vilcabamba.com.

Therefore, the Court declines to rule on whether Mr. Lawson currently *is* subject to personal jurisdiction in this Court by way of his appearance here in an *in rem* matter. It is enough to find that, had this been an *in personam* proceeding at its inception, this Court *could* have had personal jurisdiction over Mr. Lawson—by way of his consent (by appearance) or otherwise.[2] Accordingly, Plaintiff cannot show that it is *unable* to obtain personal jurisdiction over Mr. Lawson in any jurisdiction in the United States. Further, in addition to the Western District of Washington, there likely are other districts in this country, such as in Texas, where Plaintiff might also obtain personal jurisdiction over Mr. Lawson. As the *Alitalia-Linee* court makes clear (as quoted *supra*), the purpose of the *in rem* provision of § 1125(d) is to prevent trademark infringers in *foreign countries* from evading liability because they cannot be found *in any judicial district in the United States*. 128 F. Supp. 2d at 346 (Dominican infringer); *see also Porsche Cars*, 302 F.3d 248 (British infringer); *Standing Stone Media*, 193 F. Supp. 2d 528 (Canadian infringer). Here, there is no indication that Mr. Lawson is in—or resides in—a foreign country and/or cannot be subject to the jurisdiction of any United States district court.

//

---

[2] No argument has been presented regarding the non-consensual means of obtaining personal jurisdiction over a party. Accordingly, this Court does not reach the traditional minimum-contacts or longarm statute analyses with respect to whether Mr. Lawson may be subject to personal jurisdiction in the Western District of Washington.

ORDER – 5

Plaintiff correctly points out that the conditions necessitating *in rem* jurisdiction need not "continue throughout the litigation." *Porsche Cars*, 302 F.3d at 255. Accordingly, Plaintiff argues, the fact that it could not obtain personal jurisdiction over Mr. Lawson previously should not be overshadowed by Mr. Lawson's subsequent appearance and alleged consent to personal jurisdiction. In *Porsche Cars*, a foreign defendant suddenly consented to *in personam* jurisdiction *three days* before trial in an effort to defeat the lawsuit on jurisdictional grounds. That defendant's "eleventh-hour decision to submit to personal jurisdiction" in one federal court drove the *Porsche Cars* court to find that the ACPA does not require that the conditions supporting *in rem* jurisdiction remain unchanged. *Id.* at 254. More importantly, the holding in *Porsche Cars* was that a court could not be divested of *in rem* jurisdiction in such a manner *after it had made a finding that* in rem *jurisdiction existed*. *Id.* at 255–59. The policy behind the holding was to prevent "a person with an interest in a case" from being able to "yank it across the country a few days before trial" as a litigation-manipulation tactic. *Id.* at 258. The *Porsche Cars* court was careful to limit its holding to the facts of that case, finding that submission to personal jurisdiction "three days before trial by a person who received actual notice of the in rem action nine months earlier is far too late." *Id.* at 259.

The instant case differs from *Porsche Cars* in several significant respects. First, in *Porsche Cars*, the defendant had "no contacts with the United States," *id.* at 254, whereas in the present case, Mr. Lawson appears to reside in and have at least some contact with the state of Texas. Therefore, it is likely that a court in Texas would have personal jurisdiction over him, even if one in Washington might not. Second, this case is in its very early stages. There is no trial date yet, and no case schedule has been set. Third, there is no evidence whatsoever that Mr. Lawson might consent to personal jurisdiction in this Court as a tactical move to defeat *in rem* jurisdiction. Finally, in contrast to *Porsche Cars*, there is *no* prior finding by this Court that *in rem* jurisdiction is proper that is in danger of being upset. Rather, the Court presently analyzes the issue for the first time. Therefore, although consent was insufficient to defeat *in rem* jurisdiction in *Porsche Cars*, appearance and consent to personal jurisdiction would be

ORDER – 6

sufficient to defeat *in rem* jurisdiction on the facts and procedural posture of the present case.

The Court finds that Plaintiff cannot meet the standard of § 1125(d)(2)(A)(ii)(I), because Mr. Lawson could be subject to the jurisdiction of this Court or another United States federal court.

Nor can Plaintiff meet the standard of § 1125(d)(2)(A)(ii)(II).  Plaintiff clearly has found Mr. Lawson, and Mr. Lawson has engaged in this litigation.  That the only known address is a P.O. Box in Waco, Texas is not enough to show that Plaintiff cannot "find" Mr. Lawson.  Plaintiff's evidence of inability to find consists of unreturned phone calls and the fact that Plaintiff does not know a street address for Mr. Lawson.  Plaintiff presents no evidence of efforts to further investigate a street address or to employ means other than phone calls to Mr. Lawson to locate him.  Plaintiff does not allege that Mr. Lawson is outside the United States.  Coupled with the obvious fact that Plaintiff has evoked a response from Mr. Lawson on several occasions, particularly in *these* court proceedings, Plaintiff's limited efforts at locating Mr. Lawson are insufficient to support *in rem* jurisdiction based on an inability to find him.

Having determined, for the foregoing reasons, that Plaintiff fails to satisfy both potential *in rem* jurisdictional hooks, the Court cannot allow an *in rem* proceeding to continue against www.vilcabamba.com.  Accordingly, Plaintiff's *in rem* cause of action must be DISMISSED.  The Court therefore moves on to Plaintiff's motions to amend its Complaint and to transfer venue to the Western District of Texas.

**B. Amendment Adding *In Personam* Claim**

As noted above, a direct action against domain name owner James Lawson is possible under § 1125(d)(1).  Plaintiff seeks leave to amend its Complaint to plead a cause of action under this subsection, with jurisdiction over Mr. Lawson *in personam*.

Leave to amend should be freely given when justice so requires.  FED. R. CIV. P. 15(a).  Mr. Lawson has appeared in this matter and he likely can be subject to personal jurisdiction in some district in the United States, if not here.  For these reasons—and because this litigation is in its early stages—the Court finds amendment of the Complaint proper.  Accordingly, Plaintiff's motion for leave to amend is

ORDER – 7

GRANTED.  This ruling does not assume or rely on the existence of personal jurisdiction over Mr. Lawson in this Court or elsewhere.  Such a determination is not appropriate at this stage of the litigation, because, when Plaintiff's First Amended Complaint (*see* Pl.'s Amend Mot. Ex. A) is filed pursuant to this Order, this case will include an *in personam* claim for the first time.

**C.  Transfer of Venue**

The present action was filed in the Western District of Washington pursuant to § 1125(d)(2)(A), which provides that *in rem* venue is proper in the judicial district where the domain name registrar, registry, or other domain name authority is located.  Because www.vilcabamba.com's domain registrar is located in Bellevue, Washington, this district was the proper one in which to file this case.  However, now that the *in rem* claim must be dismissed and an *in personam* claim will be added by amendment, the Court must reevaluate proper venue.

"For the convenience of parties and witnesses, in the interest of justice," the Court may "transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Both Plaintiff and Mr. Lawson are located in Texas.  Because the Court has already determined that the *in rem* claim must be dismissed, www.vilcabamba.com will no longer be a party to this suit.  Further, Plaintiff may amend its complaint to assert a claim against Mr. Lawson *in personam* without maintaining www.vilcabamba.com as an *in rem* defendant.  Therefore, Mr. Lawson will be the only defendant in this action once Plaintiff's First Amended Complaint is filed.  Because Plaintiff could have brought an action against Mr. Lawson in Texas, and because such venue is more convenient to *both* parties named in the proposed First Amended Complaint (Plaintiff and Mr. Lawson), the Court finds it proper to transfer this matter to the Western District of Texas, Waco Division, following the filing of Plaintiff's First Amended Complaint.  Plaintiff's motion for such transfer is therefore GRANTED.

//

//

//

ORDER – 8

III.     CONCLUSION

For the foregoing reasons, Plaintiff's *in rem* claim against www.vilcabamba.com is DISMISSED; Plaintiff's motion to amend its Complaint is GRANTED; and Plaintiff's motion to transfer venue is GRANTED.  Plaintiff must file its First Amended Complaint within 5 days of the date of this Order.  The Clerk is DIRECTED to transfer this case to the Western District of Texas, Waco Division, 30 days from the date of this Order.  Mr. Lawson's substantive arguments and motion to dismiss (Dkt. No. 16) will be considered by the transferee court.  The in-court Status Conference presently scheduled in this matter for April 11, 2006 is unnecessary due to the change of venue and is hereby STRICKEN.

SO ORDERED this 30th day of March, 2006.

John C. Coughenour

United States District Judge

ORDER – 9